# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HENRY MARION, Individually and on Behalf of All Others Similarly Situated, as Class Representative,<br><br>Plaintiff,<br><br>v.<br><br>WERNER ENTERPRISES, INC. and DRIVER'S MANAGEMENT LLC,<br><br>Defendants. | 8:08CV466<br><br>PROTECTIVE ORDER |

This matter is before the court on the parties' motion for a protective order (Filing No. 23). The Court finds that discovery in this case will involve production of confidential personal and commercial, financial and proprietary information and that any such confidential information shall not be used for any purpose other than this lawsuit. The Court further orders that any such confidential information shall not be made public, or be otherwise disseminated, except as set forth in this protective order. The parties have agreed to the form of this protective order.

Based on the foregoing, and in order to preserve confidentiality and to facilitate discovery in this matter, this Court finds that good cause exists for the issuance of this protective order under Fed. R. Civ. P. 26(c).

**IT IS ORDERED:**

The parties' motion for protective order (Filing No. 23) is granted as set forth below.

**IT IS FURTHER ORDERED:**

1. Any and all information disclosed or obtained designated as "Confidential" under the terms of this Order, shall be used solely for the purposes of the prosecution or defense of this litigation and for no other purpose or publication whatsoever.

2. For purposes of this Order, confidential information means information contained in any document, writing, paper, tangible thing, interrogatory answer, transcript

of oral testimony or recorded statement of counsel, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and the content of any such document, writing, paper, thing, transcript, answer or statement that any party in good faith believes is proprietary, commercially sensitive or a trade secret. Confidential information may include or be included in, but is not limited to, documents, papers, manuals, transcripts, answers to interrogatories and other responses to discovery requests, briefs, summaries, notes, abstracts, motions, drawings, and any instruments that compromise, embody, or summarize material that the parties consider confidential, exclusive of information in the public domain.

3.  Whenever any party produces a document or thing containing information that the party in good faith considers confidential and that the party wishes to be subject to this Order, the party shall mark or designate each page of the document or thing that contains such information as "CONFIDENTIAL." The other party shall mark any copy made of such page or any abstract, summary or memorandum containing the confidential information "CONFIDENTIAL."

4.  A party producing confidential information is entitled to have treated as confidential, under the terms and meaning of this Order, information that any party may obtain from non-parties that is identical to information designated by the producing party as confidential, unless the Court finds that the confidentiality of that information has been waived.

5.  In the event a party seeks to maintain as confidential all or a portion of a deposition that qualifies for designation as "confidential information" under the standards set forth in this Order, such party shall notify all of the parties no later than fifteen (15) days after the delivery of the transcript of the deposition in question. All materials in a deposition transcript will be treated as confidential until the foregoing time period has expired or any designation of confidentiality is made.

6.  Any party may object to the designation of materials as "CONFIDENTIAL" and may apply to the court for an order removing such designation at any time, provided, however that the party making such application shall show good cause for disclosure of such material. Nothing in this paragraph alters the burden of proof that would apply to a

determination of whether the particular claim of confidentiality is justified.  The material in question shall be kept confidential pending a final ruling by the court granting the relief requested.  The fact that the material is designated "CONFIDENTIAL," however, shall not delay or otherwise interfere with its discovery.

7. All deposition transcripts, exhibits, interrogatory answers and other documents filed with the court that have been designated confidential by a party in accordance with this Order, or any pleading or memorandum reproducing, quoting from, paraphrasing or otherwise substantially revealing the content of such information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, an indication of the nature of the contents, and the words "CONFIDENTIAL:  PROTECTED BY COURT ORDER FROM DISCLOSURE."

8. No party (including his or its counsel, agents, consultants and employees) shall disclose any information designated confidential by any other party pursuant to this Order, or any copies, excerpts, digests or summaries thereof, to any person except to the following, and then only to the extent necessary to prepare this case:

   a. The judge(s) before whom this case is pending and court personnel working with the judge(s);

   b. The named parties and any present employees or agents of the parties who have a need to know the information for purposes of this litigation;

   c. Attorneys of record for the parties, their associate attorneys, employees of those attorneys to whom it is necessary to show the material for purposes of preparing this case and certified court reporters retained by them; and

   d. Experts or consultants retained or considered for retention by the attorneys of record to assist in the preparation of this case.  Any such expert shall be required to execute the "Consent" attached hereto.

9. Prior to the time that any person other than the court, counsel or their clerical/support personnel is allowed to view any document or information produced pursuant to this Order, counsel shall show this Order to such person.  The parties and counsel for each party undertake to abide by and be bound by its provisions and to use due

care to see that its provisions are known and adhered to by those under their supervision or control and will abide by and be bound by this Order even prior to Court approval.

10.   The parties shall agree at a later date upon a reasonable procedure to be followed at trial so that the confidentiality of materials designated as "CONFIDENTIAL" shall be preserved.

11.   After the conclusion of this litigation, including all appeals, each party shall return all documents designated as "CONFIDENTIAL" provided by or obtained from any other party in the litigation, together with all copies thereof to the party from which the documents were obtained.  Alternatively, all such documents not returned shall be destroyed at the option of the producing party.

12.   Nothing in this Order shall be construed to entitle any party to obtain any documents, thing, or information from another party or third party or to preclude any party from obtaining any document, thing or information from any party or third party.

13.   The parties' agreement to this Order does not constitute a waiver of any claim of attorney-client privilege or attorney work-product protection that might exist with respect to those documents produced or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that may be produced.

14.   If any third party subpoenas or seeks to compel production of any confidential documents or information from the party who has received them under the terms of this protective order, the party who receives such subpoena or who is sought to be compelled to produce shall immediately give notice to the other parties of this action.  Any motion relating to such a subpoena or compelled production shall be filed in and decided by this Court, and no production in compliance with any subpoena shall occur until this Court has so ruled.

15.   The terms of this Order are binding on the parties to the same extent as if approved by the Court until approved by the Court or the Court orders otherwise.

DATED this 3rd day of February, 2009.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HENRY MARION, Individually and on Behalf of All Others Similarly Situated, as Class Representative,<br><br>Plaintiff,<br><br>v.<br><br>WERNER ENTERPRISES, INC. and DRIVER'S MANAGEMENT LLC,<br><br>Defendants. | 8:08CV466 |

## CONSENT TO AGREED PROTECTIVE ORDER

I, _____, hereby consent to and declare as follows:

1. A copy of the Agreed Protective Order entered in the captioned matter has been delivered to me and has been carefully reviewed by me.

2. I fully agree to abide by the obligations and conditions set forth in the Protective Order including, but not limited to, the condition that I will not disclose any protected materials and confidential information, as defined in the Protective Order, to which I have been given access other than pursuant to the Protective Order. I further will not use any protected materials for any purpose other than the purpose of this litigation.

3. I further subject myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of proceedings relating to my performance under, compliance with, or violation of said Protective Order.

I hereby declare under penalty of perjury that the foregoing is true and correct.

DATED this ____ day of _____, 20___.

_____                   Name: _____