IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HENRY MARION, Individually and on Behalf of All Others Similarly Situated, as Class Representative, and ERNEST WEBSTER, Individually and on Behalf of All Others Similarly Situated, as Class Representative,<br><br>Plaintiffs,<br><br>v.<br><br>WERNER ENTERPRISES, INC., and DRIVER'S MANAGEMENT, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 8:08CV466<br><br><br><br><br><br>MEMORANDUM AND ORDER |

This matter is before the court on plaintiffs' objection, Filing No. 60, to the report and recommendation of the magistrate judge, Filing No. 59. Plaintiffs filed a motion for class certification pursuant to Fed. R. Civ. P. 23. Plaintiffs bring this action in their capacities as individuals as well as class representatives on behalf of current and former similarly situated truck drivers employed by the defendants. The causes of action against the defendants include breach of contract; breach of implied covenant of good faith and fair dealing; violations of the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1228 *et seq.*; and claims under the equitable principles of promissory estoppel. Plaintiffs contend that defendants failed to pay them for the actual miles they drove as truck drivers. Defendants contend that plaintiffs misunderstood how the mileage pay system works. There is a dispute between the parties as to whether their pay is based on actual miles or Rand McNally miles.

The plaintiffs requested certification of the class. The magistrate judge held a hearing in this case on June 12, 2009. Filing No. 51; see Transcript at Filing No. 56. The magistrate judge issued findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to Section 636(b)(1), the district court shall make a de novo review of those portions of the findings and recommendation to which objection is made. The court has reviewed the factual and legal findings of the magistrate judge and will adopt them in their entirety. The court will not reiterate the findings in this Memorandum and Order except to the extent necessary to its determination.

The four basic requirements for class certification include: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been met." *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). In applying the four requirements for class certification, the magistrate judge first found that there existed over 66,000 drivers employed by the defendants between 2003 and 2008. The magistrate judge determined that the plaintiffs easily met the numerosity requirement. The court has reviewed the record and agrees with the findings of the magistrate judge.

In applying the element of commonality, the magistrate judge determined that the drivers hired pre-April 2007 were paid differently than those employees who received, as their first Driver Handbook, an April 2007, or later version. For the first time in 2007, language appeared in the 2007 Driver Handbook that talked about pay in terms of "cents per mile." The magistrate judge determined that based on the evidence presented to date the defendants had numerous pay structures which depended on multiple variables.

Based on this fact, the magistrate judge determined that the commonality requirement has been satisfied only as to the class of new employees but not to the employees as a whole. Plaintiffs object and argue that "cents per mile" set forth in the handbook is sufficient to constitute an offer to pay by the mile rather than to use the system used by defendants which included payment in accordance with the Rand McNally miles, based on a software known as MileMaker. Plaintiffs disagreed with the magistrate judge's determination that the drivers employed prior to the issuance of the 2007 Driver Handbook were not similarly situated. However, defendants contend that by 2008 they had over 150 different pay packages for drivers. After reviewing the record, the court finds the magistrate judge was not clearly erroneous or wrong as a matter of law. There are factual disputes as to a number of the employees regarding both liability and damages. Plaintiffs Webster and Warner had no previous experience in transportation. They attended defendants' trucking school in 2007 and graduated in January 2008. The magistrate judge determined correctly that drivers had different handbooks depending on when they worked for defendants, and the pay varied depending on the fleet or route to which a driver was assigned, as well as each driver's experience level.

With regard to the third requirement, typicality, the magistrate judge determined that the "plaintiffs fail to show a uniform agreement existed among all class members to provide the basis for typicality of the plaintiffs' claims. Without such evidence, the plaintiffs are unable to prove such claims are typical for each individual proposed class member." Filing No. 59 at 12. Plaintiffs contend that the magistrate judge erred in this determination and the plaintiffs are entitled to rely on promissory estoppel. The magistrate judge stated: "At a minimum, the court would have to undergo individual inquiries into which Driver

Handbook each driver received, which drivers received a pay package with reference to the MileMaker system, which drivers came to the defendants with prior knowledge of the compensation system, and which drivers found out about the system during orientation or course of employment." Filing No. 59, at 12. The court agrees with the analysis of the magistrate judge and adopts his determination as to typicality.

As to the final element, adequacy of representation, the magistrate judge determined that the plaintiffs' interest in the case is not common to the proposed class members due the lack of typicality between and among the class members. For the reasons set forth previously, the court agrees with the magistrate judge as to this issue.

The magistrate judge then further determined that the plaintiffs had likewise not met the requirements of predominance and superiority as set forth in Fed. R. Civ. P. 23(b)(3); *Amchem Products, Inc.,* 521 U.S. at 615-16, 623. The magistrate judge concluded that there was no link between the putative class members and the plaintiffs with respect to compensation. Filing No. 59, at 14-15. The court agrees. Many of these claims will require individualized proof of how drivers thought their mileage was computed, their driving experience, and the Driver Handbook that applied to each driver. Accordingly, the court agrees with the magistrate judge that individual issues would predominate. The court also agrees with the magistrate judge's determination that class adjudication is not superior and would be unmanageable given the number of plaintiffs and individualized inquiries that the court would have to make.

THEREFORE, IT IS ORDERED:

1. Plaintiffs' objections, Filing No. 60, to the report and objections of the magistrate judge are overruled; and

2. The report and recommendation of the magistrate judge, Filing No. 59, is adopted in its entirety.

DATED this 2nd day of November, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.